**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                    Chapter 15

KNIJNIK PARTICIPAÇÕES S.A.; KNIJNIK
ENGENHARIA LTDA.; KNIJNIK SÃO                Case No.:
PAULO ENGENHARIA INTEGRADA LTDA.;
PROPLAN SERVIÇOS E PROJETOS LTDA.;
GABINETE PROJETOS DE ENGHENARIA E
ARQUITETURA LTDA.

      Debtors in a Foreign Proceeding.

_____/

**VERIFIED PETITION FOR RECOGNITION OF FOREIGN MAIN**
**PROCEEDING PURSUANT TO §§ 1515 AND 1517 AND REQUEST FOR HEARING**

F. Rezende Consultoria em Gestão Empresarial Ltda., represented by Dr. Frederico Rezende, as court-appointed judicial administrator of the foreign bankruptcy estate (the "Foreign Representative"), petitions this Court for entry of an Order recognizing the foreign liquidation ("Brazilian Proceeding") of Knijnik Participações S.A., Knijnik Engenharia Ltda., Knijnik São Paulo Engenharia Integrada Ltda., Proplan Serviços e Projetos Ltda., and Gabinete Projetos de Engenharia e Arquitetura Ltda. (collectively, "Debtors"), under the supervision of the 1st Bankruptcy Court of the State of São Paulo (the "Brazilian Bankruptcy Court"), as a foreign main proceeding under 11 U.S.C. § 1517,[1] granting related relief pursuant to §§ 1519, 1520, and 1521, and granting any additional relief that may be available under the Bankruptcy Code.

---

[1]     All statutory references shall be to Title 11 U.S.C. § 101 *et seq*. ("Bankruptcy Code"), unless otherwise specified.

## PRELIMINARY STATEMENT

1.      Foreign Representative files this Verified Petition under § 1504 to seek recognition of the Brazilian Proceeding as a "foreign main proceeding," as defined by 11 U.S.C. § 1502(4).

2.      The Statement of Foreign Representative, Dr. Frederico Rezende ("Rezende Decl.") as required by § 1515(c) of the Bankruptcy Code, together with a list of Administrators, Parties, and Entities pursuant to Rule 1007(a)(4) of the Federal Rule of Bankruptcy, is incorporated by reference and attached hereto as **Exhibit A**.

3.      As required by § 1515 of the Bankruptcy Code, this Petition is also accompanied by the Brazilian Bankruptcy Court's September 27, 2018 order commencing the liquidation of Debtors and appointing F. Rezende Consultoria em Gestão Empresarial Ltda., represented by Dr. Frederico Rezende, as judicial administrator of Debtors, which is attached as Exhibit 1 to the Statement of Foreign Representative.

4.      The Petition, this Verified Motion, and the accompanying Declaration of Dr. Frederico Rezende demonstrate that the Brazilian Proceeding should be recognized a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

5.      The Foreign Representative seeks the type of relief that Chapter 15 was designed to provide, and the Brazilian Proceeding and this Petition meet all the requirements for recognition and the requested relief.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction under 28 U.S.C. §§ 157(b) and 1334.

7.      This is a "core" proceeding under 28 U.S.C. § 157(b)(2)(P).

8.      Venue is proper in this district under 28 U.S.C. § 1410 as, among other things, Debtors hold in this district approximately $1,500 deposited on retainer with Sequor Law, P.A.

## FACTUAL BACKGROUND

Debtors are a group of Brazilian companies owned and controlled by several members of the Knijnik family, which had operations in engineering, architecture, hydraulics, electricity, automation, and air conditioning projects, as well as budgeting and managing private and public construction projects. See Decl. Rezende, ¶¶8-10. On July 17, 2017, Debtors filed a petition for judicial reorganization before the Brazilian Bankruptcy Court on the ground that it was in the midst of a financial crisis and, therefore, needed to reorganize its debt. Id. at ¶3. When the majority of the creditors rejected the Debtors' reorganization plan, the Brazilian Bankruptcy Court converted the reorganization proceeding into a liquidation and appointed F. Rezende Consultoria em Gestão Empresarial Ltda., represented by Dr. Frederico Rezende, bankruptcy trustee. Id. at ¶¶4-5.

Following his appointment, Foreign Representative began conducting an investigation, which is still ongoing, into the affairs, assets, and liabilities of Debtors including, reviewing the Debtors' books and records and other financial information obtained from the Brazilian Central Bank. Id. at ¶¶14-19. Based on his investigation to date, Foreign Representative has found there is a "significant discrepancy between the picture painted by the Debtors during the reorganization proceeding and what the records analyzed by [Foreign Representative] and [his] professionals show." Id. at ¶14. For example, contrary to Debtors' allegations that their insolvency was due to the Brazilian economic crisis, Foreign Representative has found evidence that the insolvency may have been caused by either mismanagement or misappropriation of the Debtors' assets, including, but not limited to, payment of improper dividends and shielding of assets through offshore structures. Id. at ¶¶14-19.

Accordingly, Foreign Representative seeks recognition of the Brazilian Proceeding as a foreign main proceeding under Chapter 15 of the U.S. Bankruptcy Code to further investigate the acts, conduct, property, liabilities, and financial condition of Debtors. Foreign Representative, who has the duty under Brazilian law to take possession, protect, and realize the assets of Debtors, needs to (i) investigate whether the Knijnik Brothers, who reside in South Florida, have further information relating to the Debtors; (ii) investigate whether any of the Debtors' assets were transferred to Debtors' former shareholders or to other U.S. companies controlled by or beneficially owned by the same individuals; (iii) determine whether assets were purchased in the United States with funds of the Debtors; (iv) investigate whether the offshore structure erected by the Knijnik Brothers is related to Debtors' bankruptcy; and (v) identify any parties against whom claims may exist. Id. at ¶¶22-25.

## RECOGNITION IS APPROPRIATE

Foreign Representative has satisfied each of the requirements for recognition of the Brazilain Proceeding under Chapter 15 of the Bankruptcy Code as follows:

(a)    Foreign Representative qualifies as a "foreign representative" as defined in 11 U.S.C. §101(24) because as bankruptcy trustee of Debtors, he is authorized in the Brazilian Proceeding to administer the liquidation of Debtors' assets or affairs, and to act as representative of the Brazilian Proceeding.

(b)    The Brazilian Proceeding is a "foreign proceeding" under section 101(23) of the Bankruptcy Code, because it is a judicial proceeding pending in the 1st Bankruptcy Court of the State of São Paulo under the bankruptcy laws of Brazil for the purposes of liquidation.

(c)    The Brazilian Proceeding is a "foreign main proceeding" as defined in 11 U.S.C. § 101(23) and 1502(4), because it is pending in Brazil, which is Debtors' center of main interest.

(d)      To the extent section 109(a) of the Bankruptcy Code applies in Chapter 15 cases, Debtors qualify as "debtors" under section 109 (a) because Debtors are the subject of a foreign proceeding and have assets in the United States, which include an amount escrowed and on deposit with the law firm Sequor Law, P.A.

(e)      Lastly, this Petition is accompanied by: (i) the Brazilian Bankruptcy Court's September 27, 2018 commencing Debtors' liquidation and appointing the Foreign Representative, and (ii) the Statement of the Foreign Representative under penalty of perjury fulfilling the requirements imposed by § 1515(c) and Fed. R. Bankr. P. 1007(a)(4).

## **RELIEF REQUESTED**

Foreign Representative seeks an Order pursuant to §§ 105(a), 1507, 1517, 1520, and 1521 of the Bankruptcy Code, substantially in the form of the Proposed Order attached as **Exhibit B**, granting the following relief:

(a)      Recognizing the Brazilian Proceeding as a foreign main proceeding and Mr. Frederico Antonio Oliveira de Rezende as the Foreign Representative;

(b)      Granting the relief allowable as of right upon recognition of a foreign main proceeding under § 1520 of the Bankruptcy Code;

(c)      Granting the following additional relief under § 1521 of the Bankruptcy Code:

(1)      staying the commencement or continuation of any action or proceeding without the consent of Foreign Representative concerning rights, obligations or liabilities of the Debtors and the Debtors' bankruptcy estates, to the extent not stayed under § 1520(a) of the Bankruptcy Code;

(2)      staying execution against the Debtors, to the extent not stayed under § 1520(a);

(3)     suspending the right to transfer or otherwise dispose of any assets of the Debtors to the extent this right has not been suspended under § 1520(a);

(4)     providing for the examination of witnesses, the taking of evidence, and the delivery of information concerning the assets, affairs, rights, obligations or liability of the Debtors or the Debtors' estates under § 1521(a)(4), the Federal Rules of Bankruptcy Procedure, including Fed. R. Bankr. P. 2004, and Local Rule 2004-1;

(5)     entrusting the administration or realization of all of the Debtors' assets within the territorial jurisdiction of the United States to Foreign Representative;

(6)     entrusting the distribution of all or part of the Debtors' assets located within the territorial jurisdiction of the United States to the Foreign Representative and finding that the assets of the creditors of the Debtors are sufficiently protected thereby;

(7)     otherwise granting comity to and giving full force and effect to the Brazilian Bankruptcy Court's September 27, 2018 order commencing the liquidation and appointing Foreign Representative, attached as Exhibit 1 to the Statement of Foreign Representative; and

. (8)     granting Foreign Representative such other and further relief as this Court may deem just and proper.

## CONCLUSION

WHEREFORE, Foreign respectfully requests this Court enter an Order, substantially in the form of the Proposed Order attached as **Exhibit B**, and grant such other and further relief as may be just and proper.

## 28 U.S.C. § 1746 VERIFICATION

I verify under penalty of perjury under the laws of the United States of America that the facts stated in the foregoing Verified Petition are true and correct.

Executed in _Saõ Paulo_ on July _23_, 2019

By: _____

Frederico Antonio Oliveira de Rezende


Dated: July 24, 2019

Respectfully submitted,

**SEQUOR LAW, P.A.**
1001 Brickell Bay Dr., 9th Floor
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202
Email: ggrossman@sequorlaw.com
         cvicens@ sequorlaw.com


By:    _/s/ Cristina Vicens Beard_
       Gregory S. Grossman
       Florida Bar No.: 896667
       Cristina Vicens Beard
       Florida Bar No.: 111357

*EXHIBIT "A"*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                                 Chapter 15

KNIJNIK PARTICIPAÇÕES S.A.; KNIJNIK
ENGENHARIA LTDA.; KNIJNIK SÃO                      Case No.:
PAULO ENGENHARIA INTEGRADA LTDA.;
PROPLAN SERVIÇOS E PROJETOS LTDA.;
GABINETE PROJETOS DE ENGHENARIA E
ARQUITETURA LTDA.

      Debtors in a Foreign Proceeding.
_____/

**DECLARATION OF DR. FREDERICO REZENDE IN SUPPORT OF**
**CHAPTER 15 PETITION FOR RECOGNITION OF A FOREIGN PROCEEDING**

      I, Frederico Antonio Oliveira de Rezende, as the representative for F. Rezende Consultoria

em Gestão Empresarial Ltda., court-appointed bankruptcy trustee and the foreign legal

representative for the Debtors (as defined below), hereby declare under penalty of perjury under

the laws of the United States as follows:

      1.     I am over the age of 18 and I am competent to make this Declaration. All statements

contained herein are true and correct to the best of my knowledge and belief, my review of the

relevant documents and from conversations with relevant personnel. If called upon, I could testify

as to all matters set forth in this Declaration based upon my own personal knowledge, except for

those portions specified as being otherwise.

      2.     This Declaration is submitted in support of the Chapter 15 Petition for Recognition

of a Foreign Proceeding (the "Petition") and the Verified Motion for Order Granting Recognition

of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code (the "Verified



Motion"),[1] seeking entry of an Order granting (i) recognition of the Brazilian Proceeding as a "foreign main proceeding" pursuant to section 1517 of the Bankruptcy Code; (ii) related relief under sections 1520 and 1521; and (iii) other applicable relief under the Bankruptcy Code.

3.      On July 17, 2017, Knijnik Participações S.A., Knijnik Engenharia Ltda., Knijnik São Paulo Engenharia Integrada Ltda., Proplan Serviços e Projetos Ltda., and Gabinete Projetos de Engenharia e Arquitetura Ltda. (collectively, "Debtors") filed a petition for judicial reorganization before the 1st Bankruptcy Court of the State of São Paulo (the "Brazilian Bankruptcy Court"), on the basis that it was in the midst of a financial crisis.

4.      The Brazilian Bankruptcy Court granted Debtors' petition for reorganization and appointed F. Rezende Consultoria em Gestão Empresarial Ltda. as judicial administrator on August 18, 2017.

5.      Subsequently, Debtors presented a reorganization plan, which was rejected by all classes of creditors on August 27, 2018. Thereafter, Debtors ceased their operational activities and I petitioned the Brazilian Court to convert the reorganization into a liquidation. On September 27, 2018, the Brazilian Bankruptcy Court granted my petition and adjudicated Debtors bankrupt (the "Brazilian Proceeding"). A true and correct copy of the Brazilian Court's September 27, 2018 Order commencing the bankruptcy and appointing me as the judicial administrator is attached here as **Exhibit 1**. The Debtors' liabilities are R$85,830,234.59 (approximately US$ 22,806,870.02).

6.      As judicial administrator of Debtors, I have the power to, amongst other things, administer and supervise the liquidation of Debtors' assets, investigate the actual causes of the liquidation, and when necessary, pursue causes of action for the benefit of creditors.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Verified Motion being filed together herewith.



7.      For the reasons set forth below, I am advised of the following: (i) that I am a duly appointed "foreign representative" of the Brazilian Proceeding and that the Brazilian Proceeding constitutes a "foreign proceeding" within the meaning of subsections 101(23) and (24) of the Bankruptcy Code, respectively; (ii) that this case was properly commenced in accordance with the requirements of the Bankruptcy Code; and (iii) that the Brazilian Proceeding satisfies all the requirements to be recognized as a "foreign main proceeding" under Chapter 15 of the Bankruptcy Code.

## BACKGROUND

8.      Knijnik Engenharia Ltda. ("Knijnik Engineering") was founded in 2001 by Anibal Knijnik ("Anibal"), the patriarch of the Knijnik family, for the purpose of developing structural projects in the construction sector, specifically in the southern part of Brazil. In 2011, Anibal stepped down as manager of the Knijnik group of companies (as defined below).

9.      From 2011 onward, Anibal's sons, Daniel Knijnik ("Daniel") and Fabio Knijkik ("Fabio" and together with Daniel, the "Knijnik Brothers") assumed Knijnik Engineering's leadership and expanded its Brazilian operations into engineering, architecture, hydraulics, electricity, automation, and air conditioning projects, as well as budgeting and managing private and public construction projects. Another one of Anibal's sons, Eduardo Knijnik, assumed control of the Knijnik group of companies' legal affairs.

10.     With the expansion of Knijnik Engineering's operations, the Knijnik family organized its operations into several companies, each of which specialized in certain types of projects or operations as follows:



a.  Knijnik Engenharia Ltda. ("Knijnik Holding") operated as the holding company for the Knijnik companies that are now Debtors in the Brazilian Proceeding.

b.  Knijnik Engineering operated in the southern part of Brazil.

c.  Knijnik São Paulo Engenharia Integrada Ltda. ("Knijnik São Paulo") focused on organizing and integrating engineering projects. Knijnik São Paulo also employed most of the employees of the Knijnik group of companies.

d.  Proplan Serviços e Projetos Ltda. ("Proplan") specialized in infrastructure projects.

e.  Gabinete Projetos de Engenharia ("Gabinete") also specialized in infrastructure projects.

11.  Until September 2016, the shares of Knijnik Holding were held in equal parts by Ambika Participações S.A. ("Ambika") and FIP Axxon Brasil Private Equity Fund II ("FIP")[2] as illustrated below:

---

[2]  FIP acquired its 50% interest in Knijnik Holding on or about 2013 for R$27,182,000.00.





12.    Ambika, a Brazilian company incorporated in 2014, was owned by Marcelo Duarte and his wife. In August, 2014, Marcelo Duarte and his wife were replaced as shareholders of Ambika by the Knijnik Brothers, Sergio Leandro Chemale Seliestre, and Eduardo André Both.

13.    In addition, even though FIP had paid more than R$27 million for its 50% stake in Knijnik Holding and later invested an additional R$54,350,000.00, in or about 2016, FIP transferred its shares to Amalfitana Holdings, LLC (a Delaware company) for R$1,000.00. Therefore, the corporate structure of the Knijnik group was altered as follows:





14.     My investigation of the assets, obligations, and financial condition of the Debtors revealed a significant discrepancy between the picture painted by the Debtors during the reorganization proceeding and what the records analyzed by me and my professionals show.

15.     For example, based on my investigation into and analysis of the Debtors' accounting records, it appears that Knijnik São Paulo frequently received funds from other entities in the Knijnik group. After pooling all of the funds from the different entities in the group (even though Knijnik São Paulo's books and records show it had a recurrent accumulated loss) the



accounting records indicate that Knijnik São Paulo then transferred some of its financial resources to the Knijnik Brothers as dividends.

16.     Moreover, even though Anibal (the patriarch of the family) departed from and had no official role in the Knijnik group of companies since 2014, he received at least one improper payment of dividends from Knijnik São Paulo in 2016.

17.     Further information obtained from the Central Bank of Brazil ("BACEN") indicates that between February and June of 2017, Knijnik Holding received US$4,624,052.00 in alleged loans from Amalfitana Holdings, LLC (Delaware), Hafeney Corp. S.A. (Uruguay) and Friburgo Limited (Bahamas). I am in the process of investigating the circumstances of these loans, the beneficial ownership of the putative lenders, and whether repayments were made.

18.     Based on my investigation, it appears the controllers of the Debtors at best mismanaged the companies' finances or, at worst, misappropriated the Debtors' assets prior to the bankruptcy proceeding.

19.     Indeed, the information analyzed to date indicates that the controllers of the Debtors were aware of the group's looming bankruptcy and, in anticipation of such, erected corporate structures outside of Brazil to shield their assets from potential creditors.

20.     For example, Daniel Knijnik has links to at least eleven (11) U.S. companies that were formed between May 2016 and September 2017, within months of the initial petition for reorganization. His brother, Fabio Knijnik, is linked to a Florida company that was formed in June 2017, just two months prior to the filing of the petition for judicial reorganization.

21.     Based on the ongoing investigation, I believe the controllers of the Debtors maintain assets in the United States that belong to the Debtors' estates. Because my investigation



is ongoing, I am not yet able to ascertain the total value and/or exact location of Debtors' assets in the United States.

## Grounds for Recognition

22.    As judicial administrator, I am bestowed with the power to, among other things, investigate the business and affairs of Debtors for purpose of recovering assets for the benefit of the creditors. This includes pursuing any available causes of action.

23.    I am seeking recognition to, among other things, obtain documentary and testimonial evidence from witnesses in furtherance of my investigative and asset recovery efforts as part of the Brazilian Proceeding. Specifically, I have identified particular individuals and entities in the United States, including Debtors' former shareholders, who reside in Miami, Florida, and who possess information and documents relevant to my ongoing investigation and recovery efforts.

24.    There is also a need to investigate whether (i) any of the Debtors' assets were transferred to Debtors' former shareholders located in Miami, Florida, or to other U.S. companies controlled by or beneficially owned by the same individuals, and (ii), if so, whether said transfers are related to the Debtors' bankruptcy. As a result, I need to investigate the nature and extent of any activities undertaken in the United States, including those described above, that may be related to Debtors and to the assets of Debtors. Also, I need to investigate the possibility that assets in the United States may have been acquired using funds of Debtors.

25.    Thereafter, I hope to make recoveries to the extent possible, including by filing actions and asserting such proprietary claims as may be available to me in the United States. I may also bring claims against any third parties that are subject to suit and may have damaged or owe money to Debtors in the United States, which may be subject to tracing claims.



26.    The result of the actions described above for which recognition of the Brazilian

Proceeding is sought will benefit the creditors because such recognition will permit creditors of

Debtors further recovery opportunities in order to collect on their claims.

### Compliance with Federal Rule of Bankruptcy Procedure 1007(a)(4)

27.    Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(4), I hereby disclose the

following information:

   a.  F. Rezende Consultoria em Gestão Empresarial Ltda., represented by me,

      Frederico Rezende, is the duly appointed "judicial administrator" in the

      Brazilian Proceeding and the authorized foreign representative of Debtors;

   b.  F. Rezende Consultoria em Gestão Empresarial Ltda. address is as follows:

        Frederico Antonio Oliveira de Rezende
        F. Rezende Consultoria em Gestão Empresarial Ltda.
        Praça Franklin Delano Roosevelt, 200 – 8o andar
        São Paulo, Brazil
        CEP 01303-020

For purposes of this Bankruptcy Case, I respectfully request that any

correspondence be sent, in addition to the address provided above to:

      Attn: Gregory S. Grossman
         Cristina Vicens Beard
         Sequor Law, P.A.
         1001 Brickell Bay Drive, 9th Floor
         Miami, Florida 33131

   c.  Neither of the Debtors is a party to any other litigation in the United States.

   d.  No provisional relief is being sought under 11 U.S.C. § 1519 against any

      particular entity or person at this time.  However, as foreign representative

      of Debtors, the judicial administrator reserves the right to seek provisional

      relief as needed.



## Section 1515(c) Statement

28.     Other than this Chapter 15 Petition, I am not aware of any foreign proceedings of

Debtors, as that term is defined under section 101(23) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

United States of America that the foregoing is true and correct.

Dated this 19 of July, 2019                         _____

F. Rezende Consultoria em Gestão Empresarial Ltda.

Frederico A. O. de Rezende

*Foreign Representative of Knijnik Participações
S.A., Knijnik Engenharia Ltda., Knijnik São Paulo
Engenharia Integrada Ltda., Proplan Serviços e
Projetos Ltda., and Gabinete Projetos de
Engenharia e Arquitetura Ltda. – companies in
court-approved liquidation.*

*EXHIBIT "1"*

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, São Paulo - SP - CEP 01501-900
**Horário de Atendimento ao Público: das 12h30min às19h00min**

| SENTENÇA |
|---|

Processo Digital nº:        **1069936-96.2017.8.26.0100**
Classe - Assunto          **Recuperação Judicial - Concurso de Credores**
Requerente:                 **Knijnik Participações S.a. e outros**
Requerido:                  **Knijnik Participações S.a.**

Juiz(a) de Direito: Dr(a). **Tiago Henriques Papaterra Limongi**

Vistos.

**KNIJNIK PARTICIPAÇÕES S/A, KNIJKIK ENGENHARIA LTDA., KNIJNIKI SÃO PAULO ENGENHARIA INTEGRADA LTDA., PROPLAN SERVIÇOS E PROJETOS LTDA e GABINETE PROJETOS DE ENGENHARIA E ARQUITETURA LTDA.** requereram sua recuperação judicial nos termos do art. 47 da Lei 11.101/2005, expondo as razões de sua crise econômico-financeira.

Deferido o processamento (fls. 813/818), fora apresentando o plano de recuperação judicial (fls. 2046/2156) e vieram as objeções, sendo convocada assembleia de credores.

Em assembleia realizada no dia 27.08.2018, o plano de recuperação foi rejeitado por todas as classes de credores (fls. 2892/2908).

Em manifestação de fls. 2910/2912, a administradora judicial reportou o encerramento das atividades das recuperandas, pugnando pela convolação da recuperação em falência.

É o breve relatório.
Fundamento e decido.

**1069936-96.2017.8.26.0100 - lauda 1**

fls. 2919

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, São Paulo - SP - CEP 01501-900
**Horário de Atendimento ao Público: das 12h30min às19h00min**

O instituto da recuperação judicial foi concebido pela Lei 11.101/05 para promover a preservação da empresa, sua função social e o estímulo à atividade econômica (art. 47, da LF). O benefício concedido pela Lei aos empresários em crise objetiva permitir a manutenção da fonte produtora, do emprego dos trabalhadores e dos interesses dos credores.

Não apenas preserva-se com o instituto o interesse dos credores, diretamente atingidos pela eventual decretação da falência, mas também do Estado, cuja higidez do sistema econômico e confiança do mercado são dependentes da solvência dos agentes.

De modo a garantir a reestruturação efetiva da atividade, ao contrário da concordata, a Lei garantiu aos credores da empresa a efetiva participação no processo de recuperação. Nessa reestruturação, a participação dos credores é ativa e a superação deveria ser baseada em um plano de reestruturação que promovesse o desenvolvimento da atividade comprometida, mediante a aprovação da maioria qualificada dos credores em Assembleia.

No caso dos autos, contudo, todas as classes de credores discordaram da viabilidade da reestruturação.

Não é ocioso recordar que a lei concedeu aos credores o direito de, mediante manifestação por quórum qualificado, apreciarem a pertinência da supressão de parte de seu interesse individual ao crédito imediato pela salvaguarda dos interesses coletivos na preservação da atividade empresarial. A manifestação desfavorável dos credores, com a não obtenção do quórum imprescindível para a aprovação ordinária ou, ainda, pela aprovação alternativa pelo "cram down", evidencia que a crise da empresa é irreversível e que o agente econômico deve ser extirpado do mercado.

A viabilidade econômica do plano é questão submetida pelo legislador ao juízo dos credores, e não ao magistrado. São os credores que deverão apreciar se a recuperanda possui capacidade produtiva apta a satisfazer a demanda, possui estrutura organizacional hígida e sólida para lidar com seu passivo, bem como se possui condições de se reestruturar e desenvolver atividade produtiva de modo a reverter o quadro deficitário em que ingressou.

**1069936-96.2017.8.26.0100 - lauda 2**

Este documento é cópia do original, assinado digitalmente por TIAGO HENRIQUES PAPATERRA LIMONGI, liberado nos autos em 27/09/2018 às 18:06. Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1069936-96.2017.8.26.0100 e código 4FBDEF0.

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, São Paulo - SP - CEP 01501-900
**Horário de Atendimento ao Público: das 12h30min às19h00min**

   Logo, o princípio da preservação da empresa, não absoluto, não deve ser aplicado, sob pena de não se garantir a própria segurança dos demais agentes do mercado. A devedora deve ser extirpada do mercado para que seus recursos e fatores de produção possam ser empregados em uma atividade mais útil a todo o sistema.

   Neste contexto, não aprovado o plano, de rigor, portanto, a convolação da recuperação judicial em falência.

   Posto isso, DECRETO hoje, nos termos do artigo 56, §4o, e 73, inciso III, da Lei n. 11.101/05, a falência da empresa **KNIJNIK PARTICIPAÇÕES S/A, KNIJKIK ENGENHARIA LTDA., KNIJNIKI SÃO PAULO ENGENHARIA INTEGRADA LTDA., PROPLAN SERVIÇOS E PROJETOS LTDA e GABINETE PROJETOS DE ENGENHARIA E ARQUITETURA LTDA,** com atuais administradores **Oscar Pessoa Filho e Lucio Mario Schiros.**

   Em consequência:

   I - Mantenho como administradora judicial a F. REZENDE CONSULTORIA EM GESTÃO EMPRESARIAL LTDA.**, com escritório na Rua Franklin Delano Roosevelt, 200, 8º andar, conjunto 82, São Paulo − SP, e endereço eletrônico**, que deverá promover pessoalmente, sem necessidade de mandado ou carta precatória, imediata arrecadação dos bens, documentos e livros (artigo 110), bem como a avaliação dos bens, separadamente ou em bloco, no local em que se encontrem (artigos 108 e 110), para realização do ativo (artigos 139 e 140), sendo que ficarão eles sob sua guarda e responsabilidade (artigo 108, parágrafo único), podendo providenciar a lacração, para fins do artigo 109. A propósito da arrecadação, observa Alfredo de Assis Gonçalves Neto que, "ao assinar o termo de compromisso, o administrador judicial procederá, em seguida e imediatamente, à arrecadação de todos os bens do falido ou sociedade falida, onde estiverem localizados, ainda que situados em comarca diversa daquela em que decretada a falência. Para tanto, não necessita de ordem ou autorização do Poder Judiciário e, desse modo, se houver bens em outra comarca, cabe-lhe arrecadar os nela existentes, independentemente de intervenção judicial." (Administração da Falência, Realização do Ativo e Pagamento dos Credores, *in* A Nova Lei de Falências e de Recuperação de Empresas − Lei no.

**1069936-96.2017.8.26.0100 - lauda 3**

Este documento é cópia do original, assinado digitalmente por TIAGO HENRIQUES PAPATERRA LIMONGI, liberado nos autos em 27/09/2018 às 18:06 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1069936-96.2017.8.26.0100 e código 4FBDEF0.

fls. 2921

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, São Paulo - SP - CEP 01501-900
**Horário de Atendimento ao Público: das 12h30min às19h00min**

11.101/2005, Coord. Paulo Penalva Santos, ed. Forense, RJ, 2006, p. 257).

II - Fixo o termo legal (artigo 99, II), nos 90 (noventa) dias do pedido de recuperação judicial.

III - Comunique-se à JUCESP, para que conste a expressão "falida" nos registros e a inabilitação para atividade empresarial, formando-se um incidente específico para ofícios e informações sobre a existência de bens, direitos e protestos.

6 − Determino aos atuais administradores das falidas que, no prazo de cinco dias: a) apresentem a relação nominal de credores, descontando o que já foi pago ao tempo da recuperação judicial e incluindo os créditos que não estavam submetidos à recuperação (artigo 99, III); b) cumpram o disposto no artigo 104 da LRF, apresentando declarações por escrito e assinando termo de comparecimento em cartório.

IV - Nos termos do art. 99, V, suspendo todas as ações ou execuções contra a falida (empresa), ressalvadas as hipóteses previstas nos §§ 1º e 2º do art. 6º da mesma Lei, ficando suspensa, também, a prescrição.

V - Proíbo a prática de qualquer ato de disposição ou oneração de bens da sociedade falida, com as comunicações de praxe;

VI - Expeça-se edital, nos termos do art. 99, parágrafo único, da Lei 11.101/2005, assim que apresentada a relação de credores, nos termos do item 6.

VIII - Fixo o prazo legal de habilitação ou divergência em 15 dias, dispensados os credores que constarem corretamente do edital a ser publicado. As habilitações ou divergências deverão ser **encaminhadas diretamente ao Administrador Judicial,** no seu endereço já mencionado ou pelo meio eletrônico **(****).** As habilitações tempestivas apresentadas nos autos e não diretamente ao administrador judicial, como determinado, não serão consideradas.

IX - Intime-se o Ministério Público e expeçam-se cartas às Fazendas Públicas.

**1069936-96.2017.8.26.0100 – lauda 4**

Este documento é cópia do original, assinado digitalmente por TIAGO HENRIQUES PAPATERRA LIMONGI, liberado nos autos em 27/09/2018 às 18:06 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1069936-96.2017.8.26.0100 e código 4FBDEF0.

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, São Paulo - SP - CEP 01501-900
**Horário de Atendimento ao Público: das 12h30min às19h00min**

P.R.I.

São Paulo, 27 de setembro de 2018.

DOCUMENTO ASSINADO DIGITALMENTE NOS TERMOS DA LEI 11.419/2006,
CONFORME IMPRESSÃO À MARGEM DIREITA

1069936-96.2017.8.26.0100 – lauda 5

Este documento é cópia do original, assinado digitalmente por TIAGO HENRIQUES PAPATERRA LIMONGI, liberado nos autos em 27/09/2018 às 18:06 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1069936-96.2017.8.26.0100 e código 4FBDEF0.

Tradução nº I-50296
Livro nº 601
Folha 108



*Sandra Regina Mattos Rudzit*

TRADUTORA PÚBLICA

*I, Sandra Regina Mattos Rudzit, certified public translator, duly admitted and sworn by the Commercial Registry of the State of São Paulo, Brazil, hereby certify that a document was submitted to me, written in Portuguese, the translation of which is as follows:*

COURT OF APPEALS OF THE STATE OF SÃO PAULO

JUDICIAL DISTRICT OF SÃO PAULO

CENTRAL CIVIL COURTS

1ˢᵗ LOWER COURT OF BANKRUPTCIES AND JUDICIALREORGANIZATIONS

## JUDGMENT

| Digital Proceeding No.: | **1069936-96.2017.8.26.0100** |
|---|---|
| Class – Subject | **Judicial Reorganization – Plurality of Creditors** |
| Plaintiff: | **Knijnik Participações S.A.** *et al* |
| Defendant: | **Knijnik Participações S.A.** |

Judge: Dr. **Tiago Henriques Papaterra Limongi**

Analyzed.

**KNIJNIK PARTICIPAÇÕES S/A, KNIJKIK ENGENHARIA LTDA., KNIJNIKI SÃO PAULO ENGENHARIA INTEGRADA LTDA., PROPLAN SERVIÇOS E PROJETOS LTDA. and GABINETE PROJETOS DE ENGENHARIA E ARQUITETURA LTDA.** filed for judicial reorganization as provided for by article 47 of Law 11.101/2005, by presenting the reasons for their economic-financial crisis.

The processing was granted (pages 813/818), the judicial reorganization plan was submitted (pages 2046/2156), and objections were presented, and then the creditors meeting was called.

At the meeting held on August 27, 2018, the reorganization plan was rejected by all classes of creditors (pages 2892/2908).

In a statement on pages 2910/2912, the trustee reported the shutdown of the activities of the reorganization companies, and petitioned for conversion of the reorganization into bankruptcy.

This is the brief report.

I state the reasons and decide.

The legal procedure of judicial reorganization was conceived by Law 11.101/05 to enable the conservation of the company, of its social function and the encouragement of the economic activity (article 47 of the LF). The benefit granted by the Law to businesspersons in a crisis is intended to allow the maintenance of the production source, the employment of workers and the interests of creditors.

The legal procedure does not protect only the interest of the creditors, directly affected by any adjudication of bankruptcy, but also the State, as soundness of its economic system and the market trust depend on the solvency of the agents.

In order to ensure the effective restructuring of the activity, unlike the arrangement with creditors ("concordata"), the Law ensured to the creditors of the company actual participation in the reorganization process. In such restructuring, the participation of the creditors is active, and the overcoming should be based on a restructuring plan that promoted the development of the impaired activity, upon approval of a supermajority of the creditors at the Meeting.

In these case records, however, all classes of creditors disagreed with the feasibility of the restructuring.



Tradução nº I-50296
Livro nº 601
Folha 109

*TRADUTORA PÚBLICA*

It should be remembered that the law entitled the creditors, by means of statement by a qualified quorum, to analyze the appropriateness of suppression of part of their individual interest to the immediate credit for the safeguard of the collective interests in the conservation of the business activity. The unfavorable statement of the creditors, with the failure to obtain the indispensable quorum for ordinary approval or by the alternative approval by the "cram down", shows that the crisis of the company is irreversible and that the economic agent shall be excluded from the market.

The economic feasibility of the plan is an issue submitted by the legislation to the opinion of the creditors, rather than to the judge. The creditors are those that shall examine whether the reorganization company has sufficient production capacity to meet the demand, whether it has a healthy and sound organization structure to handle its liabilities, and whether it is capable of restructuring itself and developing production activity in order to reverse the deficit scenario faced by it.

Accordingly, the principle of conservation of the company, which is not absolute, shall not be applied, at risk of not ensuring the own security of the other market agents. The debtor shall be excluded from the market so that its resources and production factors may be used in a more useful activity to the entire system.

In this context, as the plan was not approved, therefore, it is necessary to change the judicial reorganization into bankruptcy.

That said, I ADJUDICATE on the date hereof, as provided for by article 56, paragraph 4, and article 73, item III of Law No. 11.101/05, the bankruptcy of the company **KNIJNIK PARTICIPAÇÕES S/A, KNIJKIK ENGENHARIA LTDA., KNIJNIKI SÃO PAULO ENGENHARIA INTEGRADA LTDA., PROPLAN SERVIÇOS E PROJETOS LTDA.** and **GABINETE PROJETOS DE ENGENHARIA E ARQUITETURA LTDA.**, with current managers **Oscar Pessoa Filho and Lucio Mario Schiros**.

Consequently:

I – I maintain as trustee F. REZENDE CONSULTORIA EM GESTÃO EMPRESARIAL LTDA., with office at Rua Franklin Delano Roosevelt, 200, 8th floor, suite 82, in the City of São Paulo, State of São Paulo, and electronic address, which shall carry out in person, without the need for order or letter rogatory, the immediate collection of the assets, documents and books (article 110), and the valuation of the assets, either separately or in block, at the place where they are located (articles 108 and 110), for realization of the assets (articles 139 and 140), which shall be kept under its safeguard and liability (article 108, sole paragraph), and the trustee may arrange for sealing, for purposes of article 109. As regards the collection, Alfredo de Assis Gonçalves Neto points out that, "by executing the commitment instrument, the trustee shall carry out, right afterwards and immediately, the collection of all assets of the bankrupt or bankrupt company, wherever they are located, even if they are located in a judicial district other than that in which the bankruptcy was adjudicated. No order or authorization from the Judiciary is required for that purpose and, therefore, if there are any assets in another judicial district, the trustee shall collect those existing therein, regardless of court intervention." (Administração da Falência, Realização do Ativo e Pagamento dos Credores, in A Nova Lei de Falências e de Recuperação de Empresas Lei no. 11.101/2005, Coord. Paulo Penalva Santos, ed. Forense, RJ, 2006, p. 257).

II – I set the legal term (article 99, II), within ninety (90) days as from the filing for judicial reorganization.

III – Notify the Commercial Registry of the State of São Paulo – JUCESP, to include the expression "bankrupt company" in the registrations and the disqualification for business activity, and create a specific petition for official notices and information on the existence of assets, rights and protests.

6 – I order the current managers of the bankrupt companies, within five days: a) to submit the nominal list of creditors, deducting what has been already paid at the time of the judicial reorganization and including any credits that were not subject to the reorganization (article 99, III); b) to comply with the



**Tradução nº I-50296**
**Livro nº 601**
**Folha 110**

*TRADUTORA PÚBLICA*

provisions of article 104 of the LRF, by submitting written statements and signing the instrument of appearance in court office.

IV – As provided for by article 99, V, o stay all actions or executions against the bankrupt (company), except for the events set forth in paragraphs 1 and 2 of article 6 of the same Law; the statute of limitations shall be also stayed.

V – I forbid the performance of any act of disposal or encumbrance of assets of the bankrupt company, with the usual communications;

VI – Issue a public notice, as provided for by article 99, sole paragraph of Law 11.101/2005, as soon as the list of creditors has been submitted, as established in item 6.

VIII – I set the legal term of proof of claim or divergence as 15 days, exempting the creditors that are properly included in the public notice to be published. The proofs of claims or divergences shall be sent directly to the Trustee, at its aforementioned address or by electronic means (****). Proofs of claims submitted in due time in the case records rather than directly to the trustee, as established, shall not be taken into account.

IX – Notify the Public Prosecutors' Office and issue letters to the Public Finance Offices.

Publish, register and notify.

São Paulo, September 27, 2018.

## DOCUMENT DIGITALLY SIGNED PURSUANT TO LAW 11.419/2006, AS PRINTED ON THE RIGHT MARGIN

### 1069936-96.2017.8.26.0100 – page

This document is a copy of the original digitally signed by TIAGO HENRIQUES PAPATERRA LIMONGI, released in the case records on September 27, 2018 at 06:06 p.m.

In order to check the original, please go to https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, enter case No. 1069936-96.2017.8.26.0100 and code 4FBDEF0.
*IN WITNESS WHEREOF I set my hand and seal to this translation.*

*São Paulo, June 25, 2019*

*Fees: Pursuant to the Law*
*Receipt Nº22385*

csi/209626.doc

**SANDRA REGINA MATTOS RUDZIT**
**Tradutora Pública**

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688 - CPF 082.060.018-08 - RG 8.222.837-1
Rua Matias Aires, 402 - 9º andar - 01309-020 - São Paulo - SP - Brasil - Fone/Fax: 55-11-3155-7383 - e-mail: just@just.trd.br - www.just.trd.br

*EXHIBIT "B"*

SEQUOR LAW, P.A.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

KNIJNIK PARTICIPAÇÕES S.A.; KNIJNIK          Chapter 15
ENGENHARIA LTDA.; KNIJNIK SÃO             Case No.:
PAULO ENGENHARIA INTEGRADA LTDA.;
PROPLAN SERVIÇOS E PROJETOS LTDA.;
GABINETE PROJETOS DE ENGHENARIA E
ARQUITETURA LTDA.

          Debtors in a Foreign Proceeding.
_____/

**ORDER GRANTING RECOGNITION OF FOREIGN
MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517 OF
THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF**

        This matter came on for hearing on _____ ____, 2019 (the "Hearing"), upon the

Verified Petition for Recognition of Foreign Main Proceeding Pursuant To §§1515 and 1517 (the

"<u>Verified Motion</u>")[1] [ECF No. 1], of Frederico Antonio Oliveira de Rezende, as the representative for F. Rezende Consultoria em Gestão Empresarial Ltda. ("<u>Foreign Representative</u>"), the duly appointed bankruptcy trustee of Knijnik Participações S.A., Knijnik Engenharia Ltda., Knijnik São Paulo Engenharia Integrada Ltda., Proplan Serviços e Projetos Ltda., and Gabinete Projetos de Engenharia e Arquitetura Ltda. (collectively, "<u>Debtors</u>"), seeking recognition and related relief pursuant to Chapter 15 of the Bankruptcy Code of the Debtors' court-approved liquidation (the "<u>Brazilian Proceeding</u>") pending before the 1st Bankruptcy Court of the State of São Paulo (the "<u>Brazilian Bankruptcy Court</u>"). The Court, having considered the Petition, the Verified Motion, the Statement of the Foreign Representative and its respective attachments, the argument of counsel, and being otherwise duly informed, the Court makes the following Order.

The Court finds:

A.    Due and timely notice of the filing of the Chapter 15 Petition and the Hearing was given by the Foreign Representative as directed by this Court.

B.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

C.    Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

D.    This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

E.    The Foreign Representative qualifies as a "foreign representative" as defined in 11 U.S.C. §101(24).

F.    This Chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1515 and 1517.

---

[1]    Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Verified Motion.

G.       Foreign Representative has met the requirements of 11 U.S.C. §§ 1515(b), 1515(c), 1515(d), and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

H.       The Brazilian Proceeding is a foreign proceeding under 11 U.S.C. §§ 101(23) and 1502(4).

I.        The Brazilian Proceeding is entitled to recognition by this Court under 11 U.S.C. § 1517.

J.        The Brazilian Proceeding is pending before the 1st Bankruptcy Court of the State of São Paulo.  The Debtors have their center of main interests in Brazil and, accordingly, the Brazilian Proceeding is a foreign main proceeding under 11 U.S.C. § 1502(4), entitled to recognition as a foreign main proceeding under 11 U.S.C. § 1517(b)(1).

K.       The Foreign Representative is entitled to all relief provided under 11 U.S.C. § 1520.

L.       The Foreign Representative is further entitled to the relief expressly set forth in 11 U.S.C. § 1521.

M.       The relief granted by this Order is necessary and appropriate, in the interests of public and international comity, consistent with the public policy of the United States, warranted pursuant to 11 U.S.C. § 1521 and will not cause any hardship to the creditors of the Debtors or other parties that is not outweighed by the benefits of the relief being granted.

Accordingly, it is **ORDERED** AND **ADJUDGED** that:

1.       The Brazilian Proceeding is granted recognition as a "foreign main proceeding" under 11 U.S.C. § 1517.

2.       The Brazilian Proceeding and the September 27, 2018 Order of the Brazilian Bankruptcy Court commencing the liquidation and appointing Foreign Representative shall be given full force and effect and be binding on and enforceable in the United States against all persons and entities.

3.      The Foreign Representative is entrusted with the full administration and realization of all or a part of the estate and assets of the Debtors within the territorial jurisdiction of the United States.

4.      The Foreign Representative shall have the authority to act independently to carry out any of the duties and powers granted by this Order.

5.      The provisions of 11 U.S.C. § 1520 apply to this proceeding.

6.      All persons and entities are stayed from commencing or continuing any action or proceeding concerning the assets, rights, obligations or liabilities, of the Debtors or the Debtors' bankruptcy estates located in the United States territory.

7.      All persons and entities are stayed from executing against the assets of the Debtors or the Debtors' bankruptcy estates located in the United States territory.

8.      All persons and entities are prohibited from transferring, encumbering or otherwise disposing of, or exercising control over any assets of the Debtors or the Debtors' bankruptcy estates located in the United States territory.

9.      All persons and entities provided notice of this Order who are in possession, custody or control of property, or the proceeds thereof, of the Debtors or the Debtors' bankruptcy estates located within the territorial jurisdiction of the United States, shall immediately advise the Foreign Representative by written notice sent to the following addresses:

Attn: Frederico Antonio Oliveira de Rezende
F. Rezende Consultoria em Gestão Empresarial Ltda.
Praça Franklin Delano Roosevelt, 200 – 8o andar
São Paulo, Brazil
CEP 01303-020

With a copy to:

> Attn: Gregory S. Grossman
> Cristina Vicens Beard
> Sequor Law, P.A.
> 1001 Brickell Bay Drive, 9th Floor
> Miami, Florida 33131

which written notice shall set forth: (i) the nature of such property or proceeds; (ii) when and how such property or proceeds came into the custody, possession or control of such person or entity; and (iii) the full identity and contact information for such person or entity. The Foreign Representative shall file with the Court information demonstrating those persons and/or entities to whom he has provided notice of this Order.

10.     The Foreign Representative is authorized to examine witnesses, take evidence or seek the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtors or the Debtors' bankruptcy estate pursuant to §1521(a)(4), the Federal Rules of Bankruptcy Procedure, including without limitation the procedure of Fed. R. Bankr. P. 2004 and Local Rule 2004-1, without further order of this Court.

11.     The Foreign Representative is further authorized to operate and may exercise the powers of a trustee under, and to the extent provided by 11 U.S.C. §§ 363 and 552.

12.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) this Order shall be effective immediately and enforceable upon entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a); (ii) Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (iii) Foreign Representative is authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

13.    No action taken by Foreign Representative in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of the Brazilian Proceeding or any order entered in or in respect of the Chapter 15 case (including any adversary proceedings or contested matters) will be deemed to constitute a waiver of immunity afforded the Foreign Representative, including pursuant to 11 U.S.C. §§ 306 and 1510.

14.    This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case, and any request by any person or entity for relief from the provisions of this Order.

15.    This Court shall retain jurisdiction with respect to the administration, realization, and distribution of the assets of the Debtors within the territorial jurisdiction of the United States.

# # #

Submitted by:

Gregory S. Grossman, Esq.
Cristina Vicens Beard, Esq.
SEQUOR LAW
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131
Telephone: 305-372-8282
Facsimile: 305-372-8202
E-Mail:      ggrossman@sequorlaw.com
             cvicens@sequorlaw.com

Cristina Vicens Beard shall serve a copy of this Order on all interested parties entitled to service and file a certificate of service thereafter.